Appellant makes his motion, for rehearing without the original papers before him, which probably accounts for his assertion that he is deprived of a statement of facts. There appears in the transcript in this case a statement of facts signed and approved by the judge of the trial court, in his certificate appearing the statement that because of the inability of the attorneys to agree on a statement of facts, he now prepares and presents this.
We regret our inability to agree that proof of serious bodily injury, this being the ground of aggravation, is not shown. The matter is discussed to some extent in the original opinion. Maynard, the injured party, said he was in bed for more than a week after the injury, in consequence thereof, and for thirty days suffered pain in his head where he was kicked and beaten. As stated in the opinion, two doctors testified that there was a fracture of the skull and a low grade meningitis which could have resulted in death, insanity or impairment of the senses.
We find nothing in the case to cause us to vary the established rules of this court since the Practice Act of 1913, (Art. 735, et seq., C. C. P.), which requires one who is dissatisfied with the court's charge to take his exception thereto, and present same in writing to the court below. *Page 496 
What is said and done by parties to a criminal transaction at the time is ordinarily deemed res gestæ, and that Maynard, while he was being beaten by appellant and his brother, called to Harper for help, would clearly come within the rule of res gestæ. Shumate v. State, 38 Tex. Crim. 280.
Appellant renews his complaint of the action of the court below in letting Maynard testify that when he called to Harper for help, the latter did nothing. The qualification of the court below to the bill of exceptions presenting this complaint, and also the statement of facts, raises the issue seriously as to the acting together of appellant, his brother and Harper. It is shown from the above that Harper, appellant and his brother waited at a certain place for a good while until Maynard came along; that when appellant and his brother got off their wagons and advanced toward Maynard, Harper did likewise; that while appellant and his brother were attacking Maynard, Harper stood within a few feet and made no effort to interfere or to assist Maynard, or prevent appellant and his brother from beating and kicking him, as was done, according to the State witnesses. It the State had offered to prove, in this condition of the record, that Harper made some statement to appellant, aiding and encouraging and inciting him to further attack and injure Maynard, this would have been admissible. We have no doubt of the admissibility of the fact that when called on to help Maynard he refused.
All of the transactions between appellant, Maynard and others, fairly leading up to and connected with the assault and affecting appellant's acts and attitude in the transaction, would be admissible. If one had plenty of money with which to pay a security debt, and refused to do so when called on but instead attacked and fought the party who called on him to pay such debt, these facts would seem admissible, — as would the fact that he had no money and was unable to pay in the same situation.
Believing the case was properly disposed of on the original presentation, the motion for rehearing will be overruled.
Overruled.